UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON

| | | |
|---|---|---|
| LELIA PATRICIA CUMMINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 05-161-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TIERRA COCKERHAM, ANTHONY COCKERHAM and TONI COCKERHAM, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court for consideration of Defendant Anthony Cockerham's motion for summary judgment. [Record No. 15] In support of this motion, the Defendant argues that the Plaintiff has failed to state a claim against him. According to Cockerham, he cannot be jointly and severally liable for the alleged negligence of Tierra Cockerham, his minor daughter, because he was not the owner of the vehicle she was driving at the time of the accident at issue. Although the Plaintiff has failed to file a response to the motion,[1] the Court cannot conclude that the Defendant is entitled to judgment as a matter of law, despite not being listed on the title as an owner of the vehicle.

In the Complaint, the Plaintiff alleged that:

---

[1] Pursuant to Civil Local Rule 7.1(c), a party opposing a motion must file a response memorandum within fifteen (15) days of service of the motion. A failure to file a memorandum in opposition to a motion may constitute grounds for the Court to grant the motion. Plaintiff's counsel should become familiar with this provision of the Local Rules.

-1-

> Said GMC vehicle which collided with said Nissan vehicle owned and being operated by the plaintiff was at said time and place owned by the defendants Anthony Cockerham and Toni Cockerham and was *provided and permitted by the said defendants to be used for the convenience and pleasure of their family and household*; and at said time and place, said GMC vehicle was being operated by the defendant Tierra Cockerham, a member of the family and household of the defendants Anthony Cockerham and Toni Cockerham, with their *consent and permission* and in furtherance of such family purpose.

[Record No. 1, Complaint ¶ 6] (emphasis added). The Defendant contends that the sole basis for the Plaintiff's claim against Anthony Cockerham is that he was the owner of the GMC vehicle driven by Tierra Cockerham at the time of the accident. However, based on the allegations contained in the Complaint, it is apparent that the Plaintiff is also alleging that Anthony Cockerham is liable because he permitted Tierra Cockerham to drive the vehicle.

> K.R.S. § 186.590(3) provides that:
>
> Every motor vehicle owner who causes or knowingly permits a minor under the age of eighteen (18) to drive the vehicle upon a highway, and any person who gives or furnishes a motor vehicle to the minor shall be jointly and severally liable with the minor for damage caused by the negligence of the minor in driving the vehicle.

K.R.S. § 186.590(3).

In *Falender v. Hankins*, 177 S.W.2d 382 (Ky. 1944), Kentucky's highest court held that this statue applies to all persons placing minors in charge of motor vehicles, regardless of ownership, with the exception of one who sells a motor vehicle to a minor. *Id*. at 383-84; *see also Peters v. Frey*, 429 S.W.2d 847 (Ky. 1968). In *Peters*, the court noted that "[b]y making the person liable, who enables a minor to operate a motor vehicle, an additional source for the recovery of damages is provided. *Id*. at 849 (citing *Sizemore v. Bailey's Adm'r*, 293 S.W.2d 165 (Ky. 1956).

Based on the language of the statute and these decisions, Defendant Anthony Cockerham is not excused from liability by reason of not being listed on the title for the GMC vehicle driven by Tierra Cockerham at the time of the accident. Accordingly, it is hereby

**ORDERED** that Defendant Anthony Cockerham's motion for summary judgment [Record No. 15] is **DENIED**.

This 29th day of June, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge